Jesse Casper JUDY, Appellant,

v.

Vernon L. PEPERSACK, Warden, Maryland Penitentiary, Appellee.

No. 8125.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 14, 1960.

Decided Nov. 17, 1960.

444

George Edward Thomsen, Baltimore, Md., court-assigned counsel, for appellant.

James H. Norris, Jr., Sp. Asst. Atty. Gen. of Maryland (C. Ferdinand Sybert, Atty. Gen. of Maryland, on brief), for appellee.

Before SOPER and HAYNSWORTH, Circuit Judges, and HARRY E. WATKINS, District Judge.

PER CURIAM.

This state court prisoner appeals from the dismissal, without a hearing, of his petition for writ of habeas corpus.

After two men attempted to perpetrate a robbery, one of them was promptly apprehended. That one, Hayes, was tried and convicted, receiving a sentence of twenty years in prison. See Hayes v. State, 211 Md. 111, 126 A.2d 576. The other man was not immediately apprehended. After the passage of some time, the appellant here, Judy, was arrested in another state and returned to Maryland, where he pled not guilty to a charge of attempted robbery with a deadly weapon. At the trial he was represented by an experienced trial lawyer of his own selection. He was convicted and received a 20-year sentence. This conviction was affirmed on appeal. Judy v. State, 218 Md. 168, 146 A.2d 29.

Subsequently, Judy filed a petition under Maryland's Post Conviction Procedure Act, Code 1957, art. 27, § 645A et seq., with the Criminal Court of Baltimore. Counsel was appointed to represent him and a full hearing was held, after which a detailed opinion was filed stating the Court's reasons for denial of the petition. The Court of Appeals of Maryland denied leave to appeal from this order. Judy v. Warden, 220 Md. 670, 155 A.2d 68. The United States Supreme Court denied a petition for a writ of certiorari. 361 U.S. 971, 80 S.Ct. 603, 4 L.Ed.2d 551.

At the trial Judy was identified as one of the two robbers by the victim of the crime and by Hayes, who had been previously convicted of attempted robbery because of his participation in the same assault. While on the witness stand, Hayes testified that three days after his arrest he identified a photograph of Judy in the police records as being that of his accomplice who had escaped apprehension.

The first question Judy attempts to raise here arises out of his objection to the evidence from the lips of Hayes that Hayes had identified Judy as his accomplice three days after the arrest of Hayes. This question, which was simply one of the admissibility of a particular item of evidence, was the principal question considered by the Court of Appeals of Maryland on the direct appeal from Judy's conviction. That Court considered the question at length and decided that the evidence was properly received over the defendant's objection. Judy v. State,

218 Md. 168, 146 A.2d 29. This question clearly did not involve any federal right, but, even if it did, we would nevertheless accept the reasoned resolution of it by the Court of Appeals of Maryland. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

 Judy next complains on the basis of a general allegation that the adverse testimony of Hayes was false and was known by the prosecutor to have been false, and that Hayes was induced to testify against him by a promise of leniency. This was one of the questions raised by Judy in his petition under Maryland's Post Conviction Procedure Act. It was fully considered in Judge Harlan's opinion filed after a hearing, in which he concluded that the contention was unsubstantiated. This Court was informed on oral argument that thereafter, and after the dismissal of Judy's petition for a writ of habeas corpus in the United States District Court, Hayes has been paroled, but if that circumstance should be thought to lend any corroboration to Judy's otherwise unspecific and unsubstantiated assertion,[1] this factual issue cannot be resolved by this Court and should not be submitted initially to the United States District Court.

Finally, Judy complains that an unidentified witness, who, he says, could have testified that Judy was not present at the scene of the crime, was not called as a witness in his behalf. Such questions, however, may not be considered by a federal court on the petition for writ of habeas corpus. The record discloses that he was ably represented at the trial by an experienced trial lawyer of his selection. There is nothing in the record which faintly suggests that the trial was such a sham and travesty of justice as to bring into play protections of the United States Constitution, with which we are alone concerned.[2]

This appeal has been prosecuted in forma pauperis pursuant to an order of the District Court. The District Judge did not issue a certificate of probable cause to appeal, however, and one has not been issued by a judge of this Court. Having fully considered Judy's contentions and finding no merit in any of them, the appeal will be dismissed for want of a certificate of probable cause.

Appeal dismissed.

---

1. See Lisenba v. People of State of California, 314 U.S. 219, 227, 62 S.Ct. 280, 86 L.Ed. 166.

2. Frank v. Mangum, 237 U.S. 309, 335, 349, 35 S.Ct. 582, 59 L.Ed. 969; Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543.